IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maurice Adrian Wilkins | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | No.: 15-5448 |
| v. | : | |
| | : | |
| Warden Janine Quigley, et al. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**DEFENDANTS, FERNANDO TORRES, EVAN FINK AND CORBIN
RIEGNER'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants, Fernando Torres, Evan Fink and Corbin Riegner, by and through their

attorneys Deasey, Mahoney & Valentini, Ltd., hereby respond to Plaintiff's Third Amended

Complaint and avers as follows:

**JURISDICTION AND VENUE**

1.      Denied.  The averments are denied as conclusions of law to which no response is

required.

**PARTIES**

2.      Admitted on information and belief.

3.      Admitted in part, denied in part.   Answering Defendants admit only that

Defendant, Warden Quigley, was at all times relevant to this matter employed as the Warden of

Berks County Jail.  The remaining averments and characterizations contained in this paragraph

are denied as conclusions of law to which no response is required.

4.      Admitted in part, denied in part.   Answering Defendants admit only that

Defendant, Captain Torres, was at all times relevant to this matter employed as a Captain at

Berks County Jail.  The remaining averments and characterizations contained in this paragraph are denied as conclusions of law to which no response is required.

5.      Admitted in part, denied in part.  Answering Defendants admit only that Defendant, Correctional Officer Fink, was at all times relevant to this matter employed by Berks County Jail as a Correctional Officer.  The remaining averments and characterizations contained in this paragraph are denied as conclusions of law to which no response is required.

6.      Admitted in part, denied in part.  Answering Defendants admit only that Defendant, Correctional Officer Riegner, was at all times relevant to this matter employed by Berks County Jail as a Correctional Officer.  The remaining averments and characterizations contained in this paragraph are denied as conclusions of law to which no response is required.

## EXHAUSTION OF LEGAL REMEDIES

7.      Admitted in part, denied in part.  Answering Defendants admit only that Plaintiff has attached to his Complaint a copy of various grievance and appeals.  The remaining averments and characterizations contained in this paragraph are denied as conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

8.      Admitted in part, denied in part.  Answering Defendants admit only that Plaintiff is an inmate at the State Correctional Institution in Huntingdon who was transferred to Berks County Jail in the Summer of 2015.  Answering Defendants further admit that Plaintiff has attached a copy of a Commonwealth of Pennsylvania Department of Corrections Temporary Transfer Information Form to his Complaint.  Answering Defendants specifically deny that the copy of the document attached to Plaintiff's Complaint was provided to Answering Defendants, as the exhibits contain handwriting that was not on any form received by Answering Defendants.

By way of further denial, the remaining averments and characterizations contained in this paragraph as specifically denied as conclusions of law to which no response is required.  To the extent that the remaining averments and characterizations do not constitute conclusions of law, after reasonable investigation, Answering Defendants are without information sufficient to form a belief as to the truth of the remaining characterizations and averments, and those averments and characterizations are denied.

9.      Admitted in part, denied in part.  Answering Defendants admit only that Berks County Jail has policies concerning administrative segregation and/or protective custody.  The remaining averments and characterization contained in this paragraph are denied as conclusions of law to which to response is required.  To the extent that the remaining averments contained in this paragraph do not constitute conclusions of law, Answering Defendants are without information sufficient to form a belief as to the truth of the remaining averments and characterizations contained in the paragraph and those averments and characterizations are denied.

10.      Admitted in part, denied in part.  Answering Defendants admit only that Plaintiff was housed in J Unit during his incarceration at Berks County Jail.  The remaining averments and characterizations contained in this paragraph are specifically denied.

11.      Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

12.     Admitted in part, denied in part.  Answering Defendants admit only that a true and correct copy of an August 24, 2015 Inmate Communication is attached to Plaintiff's Complaint as Exhibit A.  Answering Defendants specifically deny the remaining averments and characterizations contained in this paragraph, as Exhibit A is a document, the contents of which speak for itself.

13.     Admitted in part, denied in part.   Answering Defendants admit only that corrections officers have a station at the end of each housing unit.  Answering Defendants further admit that jail cell doors are controlled electronically.   The remaining averments and characterizations contained in this paragraph are specifically denied.

14.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

15.     Admitted in part, denied in part.  Answering Defendants admit only that on August 25, 2015, Defendant Fink was on duty in J Unit.   The remaining averments and characterizations contained in this paragraph are specifically denied.

16.     Admitted in part, denied in part. Answering Defendants admit only that on or about August 25, 2015, there was an altercation between Plaintiff and inmate Thomas Alequin.  Answering Defendants further admit that Officer Fink responded to the altercation.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining characterizations and averments contained in this

paragraph.  The remaining allegations and characterizations are therefore denied and strict proof is demanded at the time of trial.

17.    Admitted in part, denied in part. Answering Defendants admit only that on or about August 25, 2015, there was an altercation between Plaintiff and inmate Thomas Alequin. Answering Defendants further admit that Officer Fink responded to the altercation and called for backup.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining characterizations and averments contained in this paragraph.  The remaining allegations and characterizations are therefore denied and strict proof is demanded at the time of trial.

18.    Admitted in part, denied in part.  Answering Defendants admit only that on or about August 25, 2015, Plaintiff filed a grievance and subsequently filed an appeal, and copies are attached to Plaintiff's Complaint as Exhibit D and Exhibit G.  Answering Defendants specifically deny Plaintiff's characterizations of Exhibit D and G, as those exhibits are documents, the contents of which speak for itself.

19.    Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

20.    Admitted in part, denied in part.  Answering Defendants admit only that on or about September 9, 2015, there was an altercation between Plaintiff and inmates Valentin-Quinones and Figueroa-Rodriguez.  Answering Defendants further admit that Officer Riegner responded to the altercation and called for backup.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining characterizations and averments contained in this paragraph.   The remaining

allegations and characterizations are therefore denied and strict proof is demanded at the time of trial.

21.    Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

22.    Admitted in part, denied in part.  Answering Defendants admit only that Plaintiff has attached copies of a Disciplinary Appeal, Inmate Grievance and Administrative Segregation form to Plaintiff's Complaint.  Answering Defendants specifically deny the remaining averments and characterizations contained in this paragraph, as Exhibits H, J and M are documents, the contents of which speak for itself.

23.    Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

24.    Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

25.    Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

26.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

## LEGAL CLAIMS

### COUNT I – DELIBERATE INDIFFERENCE
### 42 U.S.C. § 1983/VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS
### AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

27.     Answering Defendants hereby incorporate by reference their responses to paragraphs 1 through 26 above, as if the same were fully set forth herein at length.

28.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

29.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

30.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

31.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

32.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

33.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

## COUNT II – *MONELL* CLAIM AGAINST JANINE QUIGLEY
## IN HER OFFICIAL CAPACITY
## 42 U.S.C. § 1983/MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

34.     Answering Defendants hereby incorporates by reference their responses to paragraphs 1 through 33 above, as if the same were fully set forth herein at length.

35.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

36.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

37.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

38.     Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

39.    Denied.  The averments are denied as conclusions of law to which no response is required.  To the extent that the averments are not deemed conclusions of law, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein.  The allegations are therefore denied and strict proof is demanded at the time of trial.

**WHEREFORE**, Defendants, Fernando Torres, Evan Fink and Corbin Riegner, demand judgment in their favor along with costs, attorney fees and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated and cannot prove a cause of action against Answering Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was afforded all constitutional rights and protections to which he was entitled at all relevant times.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times, Answering Defendants' conduct was reasonable under the circumstances.

## FOURTH AFFIRMATIVE DEFENSE

No act or omission of Answering Defendants was the proximate, legal and/or cause in fact of any damages allegedly sustained by Plaintiff, and this constitutes a complete defense to Plaintiff's causes of action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused or contributed to, in whole or in part, by the negligence, carelessness and/or recklessness of persons, parties and/or entities other than Answering Defendants and over whom Answering Defendants had no control or right of control, and for whom Answering Defendants had no responsibility.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to the protections and defenses contained within the Prison Litigation Reform Act 42 U.S.C. § 1997(e) *et seq*.  All defenses therein are incorporated by references though fully set forth herein.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead and/or meet all prerequisites to filing suit

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for mental and/or emotional injury are limited by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) *et seq*.

## TENTH AFFIRMATIVE DEFENSE

Although Answering Defendants specifically deny that Plaintiff is entitled to damages, fees and/or costs, in the unlikely event that such award would be made, Plaintiff's attorney's fees

and costs must be limited pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to good faith, qualified and/or absolute immunity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, thereby entitling Answering Defendants to costs and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 and/or Rule 11.

**WHEREFORE**, Answering Defendants demand judgment in their favor along with costs, attorney's fees and such other relief as this Honorable Court deems appropriate.

Respectfully Submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

Date:  June 28, 2017              BY:    /S/ ANDREW B. ADAIR
                                          **ANDREW B. ADAIR**
                                          Attorney I.D. No.: 70756
                                          103 Chesley Drive, Suite 101
                                          Media, PA  19063
                                          610-892-2732
                                          *Attorney for Defendants,*
                                          *Fernando Torres, Evan Fink and*
                                          *Corbin Riegner*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew B. Adair, Esquire, attorney for Defendants, Fernando Torres, Evan Fink and Corbin Riegner, hereby certify that a true and correct copy of the attached was filed electronically on this date and is available for viewing and downloading from the ECF system by the following:

Lily Greer Becker, Esquire
Andrew A. Napier, Esquire
Michael L. Banks, Esquire
Francis A. DeSimone, Esquire
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103

**DEASEY, MAHONEY & VALENTINI, LTD.**

*/s/ Andrew B. Adair*
**ANDREW B. ADAIR**

Date:  June 28, 2017